IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN P. FLEMING, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-7443 (JBS-AMD) |
| v. | |
| ANCORA PSYCHIATRIC HOSPITAL, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Steven P. Fleming
16 East Main Street
Lansdale, PA 19446
     Plaintiff Pro Se

Jeffrey S. Chiesa, Attorney General of New Jersey
     By: Rahat Babar, Deputy Attorney General
DEPARTMENT OF LAW & PUBLIC SAFETY
25 Market Street
PO Box 116
Trenton, NJ 08625
     Attorney for Defendants

**SIMANDLE**, Chief Judge:

## I.  Introduction

        Before the Court is a motion to dismiss by Defendants Allen

Boyer, CEO of Ancora Psychiatric Hospital, and Dr. David Roat.

Plaintiff Steven P. Fleming, representing himself, has filed a

Complaint demanding relief for "Medical Malpractice,

Psychological, Insurance Fraud, [and] Reckless Endangerment."

Plaintiff alleges that Defendants are responsible for forcing him

to take medication against his will for a mental condition he did not have, after a New Jersey state court judge committed him to Ancora Psychiatric Hospital for evaluation of his condition and his capacity to proceed at trial.

Because Plaintiff's claims are barred by statutes of limitations, the Court will grant Defendants' motion.

## II.  Background

### A. Facts & Complaint

Plaintiff's Complaint is not a model of clarity, but because Plaintiff proceeds pro se, the Court will construe the Complaint as liberally as possible. Plaintiff apparently asserts that he was engaged in a legal battle over visitation rights to see his daughter, and simultaneously facing criminal charges, when a New Jersey Superior Court judge committed him to Ancora Psychiatric Hospital ("Ancora") to evaluate him and his capacity to proceed at trial.[1] [Compl. at 1.] Plaintiff alleges that, for eight months, Dr. Lyda Monte forced him to take medication for paranoid schizophrenia, a condition he did not have and "that was

---

[1]  Plaintiff also alleges his daughter was kidnapped from the Cape May courthouse at the age of three. [Compl. at 1.] The Complaint does not state when any of these events occurred, but Mr. Fleming previously brought a lawsuit concerning his treatment at Ancora in 1998. Fleming v. Ancora Hospital, No. 98-4767, slip op. at 2 (D.N.J. July 20, 1999), aff'd, 242 F.3d 370 (3d Cir. 2000).

impossible to have." [Id. at 1-2.] He asserts that a side effect of the medication is "being anxious" but that "[a]nxious is not a fair description of how horrible I felt, for that long." [Id. at 2.] He asserts that his medical record reflects no evidence that "would make anyone think that I have any mental shortcomings at all." [Id. at 2.] Plaintiff appears to assert that, as a result of his "bogus mental condition," he was unable to continue work as an airline pilot. [Id.] Plaintiff asserts that Ancora "pull[ed] a character assassination on me . . . ." [Id.] Plaintiff does not mention Defendants Boyer or Roat in the Complaint and asserts no facts about any of their conduct.

Plaintiff also alleges that "Cape May Courthouse is [in] criminal contempt of my Civil Rights, by preventing my use of the Courthouse," however, neither the court nor any court officials or employees are named as defendants to this action. [Id. at 3.]

Plaintiff asserts that the Defendants engaged in "reckless endangerment, cruel and unusual punishment, insurance fraud, defamation of character, pain and suffering, personal injury and violation of my civil rights and being an accessory to this kidnapping" of his daughter. [Id. at 3.] Plaintiff seeks $250,000. [Id.]

**B. Procedural history**

In 1996, Plaintiff brought three lawsuits against the Cape May Court House, two judges, Ancora, and Dr. Monte. See Fleming

v. Ancora Hospital, No. 98-4767, slip op. at 2 (D.N.J. July 20, 1999), aff'd, 242 F.3d 370 (3d Cir. 2000) (describing the suits). The case against Ancora and Dr. Monte was dismissed without prejudice and, in May 1998, Plaintiff filed a new complaint against Ancora and Dr. Monte in state court. Id. at 5. In October 1998, Plaintiff filed a new action in this Court against Ancora, Dr. Monte and Greg Roberts, the director of Ancora, alleging "insurance fraud, medical malpractice, and careless and reckless endangerment" for forcing him to take medication for a condition he did not have. Id. at 6. This Court granted the defendants' motion for summary judgment because all of Plaintiff's claims under 42 U.S.C. § 1983 or state tort law were barred by New Jersey statutes of limitations. Id. at 7-8.

The Court declined to toll the statutes of limitations, in part because "no reasonable finder of fact could find either that plaintiff had a condition of mental derangement which prevented him from instituting legal action, or that any mental problems which plaintiff had were caused by the defendants." Id. at 11 (citations omitted). The Court noted that, in May 1995, following Plaintiff's commitment, a New Jersey state court found plaintiff competent to stand trial. Id. In addition, Plaintiff's discharge report from Ancora in July 1995 reported that he was "coherent, goal directed, alert, and oriented to time, person, and place,

and had average intellectual functioning . . . ." Id. The Court
concluded there was no evidence that any mental condition
prevented Plaintiff from understanding his legal rights and
filing a lawsuit. Id. at 12.

Plaintiff filed the instant action, along with an
application to proceed in forma pauperis, which the Court granted
on December 27, 2011. [Docket Items 1 & 2.] Summonses were issued
to Mr. Boyer and Dr. Roat and were returned executed on April 12,
2012 [Docket Item 4]; however the summons issued to Ancora was
returned unexecuted because Plaintiff did not provide USM Form
285 for service. [Docket Item 5.] Because more than 120 days have
passed since the filing of the Complaint and service has not been
executed as to Ancora, the Court will dismiss all claims against
Defendant Ancora, pursuant to Rule 4(m), Fed. R. Civ. P.[2] The
Court notes the legal futility of proceeding against Ancora for
the course of events in the 1990s due to time bar and because the
claims arising from Fleming's 1995 treatment at Ancora were
previously determined to be barred by the statute of limitations

---

[2] Rule 4(m) also permits the Court to order service be made
within a specified time. However, Plaintiff has already litigated
these claims against Ancora in this Court and the claims were
barred by the statutes of limitations. Because the statutes of
limitations continue to apply, and because the doctrines of res
judicata or collateral estoppel likely would bar the claims as
well, the Court prefers to dismiss the claims, rather than order
service within a specified time.

because Fleming did not file such a complaint until 1998, and
that determination was affirmed by the Court of Appeals in
Fleming v. Ancora Hosp., No. 98-4767, slip op. at 2 (D.N.J. July
20, 1999), aff'd, 242 F.3d 370 (3d Cir. 2000). It would make no
sense, therefore, for this dismissal as to defendant Ancora to be
without prejudice.

Defendants Boyer and Roat filed a motion to dismiss with
prejudice in lieu of an answer. [Docket Item 9.] Plaintiff
opposed the motion and also filed a motion for default of court.
[Docket Item 10.] The Court requested additional briefing from
the parties in light of the 1999 opinion, which neither party had
discussed in their original motion papers.[3] [Docket Item 13.] The
Court has received and considered this supplemental briefing.

## III. Discussion

### A. Competency and Rule 17(c)

A court-initiated review of a plaintiff's competency is
discretionary, but the Third Circuit has ruled that a district
court likely would abuse its discretion if it did not engage in
such a review where there is verifiable evidence of incompetence,
such as an adjudication of incompetence. Powell v. Symons, 680
F.3d 301, 307 (3d Cir. 2012); see also Fed. R. Civ. P. 17(c)(2)

---

[3] A copy of this Court's 1999 Opinion was attached as Appendix A
to the Order requesting supplemental briefing. [Docket Item 13.]

6

("The court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action.").

Here, both the Complaint and the Court's 1999 opinion granting summary judgment for Ancora in Plaintiff's previous lawsuit, indicate that Plaintiff was adjudicated incompetent at one time in early 1995. [See Compl. at 1 ("this lady Judge send [sic] me to Ancora Psychiatric Hospital"); Fleming, No. 98-4767, slip op. at 2 (recounting that Plaintiff was committed to Ancora on January 6, 1995).] The Court therefore will conduct further review to see if a guardian ad litem must be appointed.

In May 1995, a few months after Plaintiff was adjudicated incompetent, a New Jersey state court reached the opposite conclusion and deemed Plaintiff competent to stand trial. Fleming, No. 98-4767, slip op. at 11. Plaintiff's discharge report in July 1995 further stated that Plaintiff was coherent, alert, oriented and had average intellectual functioning. Id.

Since this Court's 1999 opinion, Mr. Fleming has filed several lawsuits in this District and in other courts. See e.g., Fleming v. Advisory Comm. on Judicial Conduct to the Supreme Court of the State of New Jersey, No. 12-1758, 2012 WL 5880341 (D.N.J. Nov. 19, 2012) (Simandle, J.); Fleming v. Chiesa, No. 12-2927, 2012 WL 2523076 (D.N.J. June 29, 2012) (Simandle, J.);

7

<u>Fleming v. Cape May Cnty.</u>, No. 11-3894, 2011 WL 6779996 (D.N.J.
Dec. 23, 2011) (Simandle, J.); <u>Fleming v. Scranton, Pa.</u>, No. 11-
386, 2011 WL 2791286 (M.D. Pa. July 14, 2011); <u>Fleming v.
Lackawanna Cnty.</u>, No. 10-1565, 2010 WL 4224626 (M.D. Pa. Oct. 21,
2010). There never has been an indication that he was incompetent
for purposes of Rule 17(c) and incapable of bringing suit as an
unrepresented litigant. The basis for this Complaint is that
Plaintiff received treatment at Ancora when he claims that he
suffered from no "mental shortcomings at all." [Compl. at 2.]
There is no evidence now that Plaintiff is incompetent within the
meaning of Rule 17(c).[4]

In light of the state court finding that Mr. Fleming was
competent to stand trial, Plaintiff's discharge report,
Plaintiff's own representations to the Court, and Plaintiff's
performance as an unrepresented litigant, the Court finds

---

[4] Plaintiff attaches to his opposition a letter from Dr. Megan
Wynne, staff psychiatrist at Victor Saracini VA Outpatient Clinic
in Horsham, Pa. [Docket Item 10 at 10.] The letter, dated
December 9, 2011, indicates that Plaintiff received psychiatric
care from Dr. Wynne for at least several months preceding the
letter. [<u>Id.</u>] However, the letter does not provide evidence of
incompetence. In fact, Plaintiff submitted the letter as evidence
of his lack of mental illness. Dr. Wynne writes that she had "not
observed any hallucinations or disorganized thought pattern that
would be consistent with schizophrenia, therefore I would not at
this time support the diagnosis of chronic schizophrenia." [<u>Id.</u>]

8

Plaintiff to be competent for purposes of Rule 17(c) and the Court will proceed to the merits of the Complaint.

**B. Statute of limitations**

Defendants submit that all of the relevant conduct occurred prior to July 21, 1995, when Plaintiff was discharged from Ancora. [Def. Letter Br. at 2; Docket Item 14.] Plaintiff has not been admitted to the facility since. [Id.] Defendants contend that because Plaintiff's tort claims and his civil rights claims under 42 U.S.C. § 1983 are governed by two-year statutes of limitations, Plaintiff's claims are time-barred.

The Court finds that Plaintiff's claims are time-barred. Plaintiff's claims are subject to various statutes of limitations, none which permits Plaintiff to bring his claims more than six years after the accrual of the cause of action. See N.J. Stat. Ann. § 59:8-8(b) (setting a two-year statute of limitation for claims against public entities relating to injury or damage to persons or property); N.J. Stat. Ann. § 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of action shall have accrued"); N.J. Stat. Ann. § 2A:14-3 ("Every action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander"); N.J.

9

Stat. Ann. § 2A:14-1 (setting a six-year statute of limitations
for fraud actions); <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007)
(stating that the state statute of limitations for personal
injury torts is the proper statute of limitations for § 1983
claims). Plaintiff alleges no wrongful conduct after July 21,
1995, and filed this lawsuit on December 22, 2011 -- more than 16
years after the causes of action accrued. Plaintiff's claims
therefore are barred. <u>Accord</u> <u>Fleming</u>, No. 98-4767, slip op. at 6-
8, 12 (holding that Plaintiff's nearly identical claims for
"insurance fraud, medical malpractice, and careless and reckless
endangerment" against Ancora, Dr. Monte and Greg Roberts were
time-barred when included in a complaint filed in October 1998).

Plaintiff argues that the statues of limitations do not
apply "because of fraud upon the Court," but Plaintiff does not
otherwise explain the basis for his allegation of fraud or
corruption. [Docket Item 15 at 1.] The main thrust of Plaintiff's
argument appears to be that his allegations are so serious that
they deserve to be heard on the merits and "in front of a Jury."
[<u>Id.</u> at 2.] He also mentions that "it took time to discover the
scandal with Ancora." [<u>Id.</u> at 2.]

None of Plaintiff's arguments are persuasive. Even if
Plaintiff did not "discover the scandal" with Ancora for some
time, he discovered enough facts about "the scandal" to bring a

10

substantially similar suit in this Court against Ancora in 1998.
The statutes of limitations barred his claims at that time, and
continue to now, more than a decade later. Finally, Plaintiff's
desire for his day in court is understandable. However, this
Court cannot find any justification to ignore the statutes of
limitations set by the New Jersey legislature intended to govern
claims such as these.

   **C. Motion for default**

   Plaintiff styles his opposition to the motion to dismiss as
a "motion for court, default of court" but makes no discernable
argument what relief he seeks or why the entry of default is
appropriate. Plaintiff launches accusations at the court and
others -- parties and non-parties -- but does not allege facts
that make a plausible case for default. <u>See</u> Pl. Opp'n at 1
(referring to the state court as a "Kangaroo Court"); <u>id.</u> at 4
(apparently alleging that "Officers of the Court" somehow
received a "personal benefit" from insurance fraud); <u>id.</u> at 5
(making an unsubstantiated accusation of "Courthouse
corruption"); <u>id.</u> at 6 (speaking of "collateral damage caused by
you Officers of the Court, <u>not</u> having to abide by your own laws"
and a "cover-up" to "the Perfect Crime"). It is unclear how
Plaintiff would be entitled to a default judgment and, therefore,

11

to the extent Plaintiff's submission can be interpreted as a motion for default, the motion is denied.

**IV.   Conclusion**

Plaintiff's Complaint is dismissed with prejudice, as it presents no timely claims upon which relief may be granted. An accompanying Order will be entered.

**March 12, 2013**
Date

**s/ Jerome B. Simandle**
Jerome B. Simandle
Chief U.S. District Judge