```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| STEVEN P. FLEMING, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-7443 (JBS-AMD) |
| v. | **MEMORANDUM OPINION** |
| ANCORA PSYCHIATRIC HOSPITAL, et al., |  |
| Defendants. |  |

**SIMANDLE**, Chief Judge:

Before the Court is Plaintiff Steven P. Fleming's "Motion to Reopen, Motion to Default" [Docket Item 18], which is essentially a motion for reconsideration of the Court's previous opinion dismissing claims against Defendants Ancora Psychiatric Hospital, Dr. David Roat, and Allen Boyer, the CEO of the hospital, as time-barred. For the reasons explained below, the motion for reconsideration is denied.

1. Plaintiff, representing himself, filed a Complaint demanding relief for "Medical Malpractice, Psychological, Insurance Fraud, [and] Reckless Endangerment," alleging that Defendants forced him to take medication against his will for a mental condition he did not have, after a New Jersey state court judge committed him to Ancora Psychiatric Hospital. The Court observed that Plaintiff had filed a nearly identical suit against

Ancora, its director, and a different doctor in 1998, which itself had been barred by the New Jersey statute of limitations. Fleming v. Ancora Psychiatric Hosp., No. 11-7443, 2013 WL 1007680, at *1 (D.N.J. Mar. 12, 2013); see also Docket Item 13, App'x A (attaching a copy of Fleming v. Ancora Hosp., No. 98-4767, slip op. (D.N.J. Jul 20, 1999), in which the Court granted summary judgment for defendants because the claims were time-barred). The Court requested additional briefing on this matter, as neither party had referenced the previous case.[1] [Docket Item 13.] After further briefing was submitted, the Court held that Plaintiff's claims continued to be time-barred by various statutes of limitations, none of which permitted Plaintiff to bring claims more than six years after the accrual of his causes of action. Fleming, 2013 WL 1007680, at *3-*4. Because all relevant conduct occurred in the 1990s, the Court dismissed all claims as untimely. Id. at *4.

2. Plaintiff argues in the present motion that "[k]idnapping is has [sic] no statue [sic] of limitation" (Pl. Mot. Br. at 1),

---

[1] The Third Circuit has endorsed the district court's discretion to sua sponte raise the issue of a deficiency of a complaint, including whether the claims are time-barred, "so long as the plaintiff is accorded an opportunity to respond." Lassiter v. City of Philadelphia, 716 F.3d 53, 57 (3d Cir. 2013) (quoting Travelers Indem. Co. v. Dammann & Co., Inc., 594 F.3d 238, 256 n.14 (3d Cir. 2010)).

2

referring to an incident, well-documented by this Court in previous opinions,[2] in which he claims his daughter was kidnapped from New Jersey Superior Court. Plaintiff made no allegations of kidnapping or related torts against the named Defendants in this case. Plaintiff simply urges that the "case be re-opened and remain open until the merits" are addressed. (Id.) As Defendants point out, "Plaintiff has not presented any new factual matters or decisions of law that would be dispositive in reversing the Court's recent order for dismissal." (Def. Opp'n [Docket Item 19] at 2.)

3. Reconsideration in this Court is governed by L. Civ. R. 7.1(i) and Fed. R. Civ. P. 59(e). To prevail on a motion for reconsideration, the movant must show an intervening change in the controlling law, the availability of new evidence that was not available when the court rendered its decision, or the need to correct a clear error of law or fact to prevent manifest injustice. D'Argenzio v. Bank of Am. Corp., 877 F. Supp. 2d 202, 206 (D.N.J. 2012) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Reconsideration should be granted only when such facts or legal authority were presented to the court but overlooked. Id.

---

[2] See, e.g., Fleming v. Advisory Comm. on Judicial Conduct to the Supreme Court of N.J., No. 12-1758, 2012 WL 5880341, at *1 (D.N.J. Nov. 19, 2012); Fleming v. Chiesa, No. 12-2927, 2012 WL 2523076, at *2 (D.N.J. June 29, 2012).

4. The Court empathizes with litigants who want their day in court. However, the Court also must respect the fact that legislatures have enacted statutes of limitations to serve other important goals of the justice system, namely "to protect defendants against stale or unduly delayed claims." Credit Suisse Sec. (USA) LLC v. Simmonds, 132 S. Ct. 1414, 1420 (2012). Plaintiff has not identified any error of fact or law that the Court made in dismissing these claims, arising out of conduct that occurred in the 1990s. Plaintiff has not presented any legal authority that the Court overlooked. Therefore, Plaintiff's motion for reconsideration is denied. An accompanying Order will be entered.

5. If Plaintiff is dissatisfied with this Court's decision, he may file a notice of appeal with the Clerk of this Court within the period permitted by law and seek appellate review in the United States Court of Appeals for the Third Circuit.


 **October 16, 2013**            **s/ Jerome B. Simandle**
Date                              Jerome B. Simandle
                                  Chief U.S. District Judge